verdict of the jury, and that none of the exceptions taken by the appellant and urged upon our attention was well taken.

The judgment and order should therefore be affirmed, with costs. All concur, except McLENNAN, P. J., and WILLIAMS, J., who dissent.

---

## DANGELO v. LAKE SHORE & M. S. RY. CO.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1908.)

MASTER AND SERVANT—RAILROADS—DEATH OF SERVANT—CONTRIBUTORY NEGLIGENCE.

Plaintiff's intestate, a member of a track gang consisting of 12 or 14 men, was struck and killed by a train approaching him from the rear, as he was walking too close to the track. Deceased had been directed to get a crowbar about 150 feet away, and walked west from which direction the train was coming, crossed the track, picked up the bar, and was on his way back when he was struck. The track was straight and the view unobstructed for two miles to the west, and the train approached at the rate of 60 miles per hour, without ringing the bell or sounding the whistle, nor did the foreman give warning of the approach of the train as was usual. The accident happened on a bright June morning, and there was nothing to prevent intestate from seeing the train had he looked to the rear, or to the side, as he crossed the track, nor was he required to walk so close to the track that he would be struck. *Held*, that intestate was negligent as a matter of law.

McLennan, P. J., dissenting.

Action by Sebastiano Dangelo, as administrator of the estate of Salvatore Dangelo, against the Lake Shore & Michigan Southern Railway Company. A nonsuit was directed, and plaintiff's exceptions and motion for a new trial were directed to be heard at the Appellate Division in the first instance. Exceptions overruled. Motion denied.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Horace O. Lanza, for plaintiff.
Thomas D. Powell, for defendant.

KRUSE, J. The plaintiff's intestate was a workman on the defendant's railroad. He was struck by a train and killed while working with 12 or 14 other men under the direction of a foreman. The men were engaged in tamping ties. The deceased was told by the foreman to get a crowbar which was about 150 feet away. He walked toward the west, from which direction a train was coming, picked up the crowbar, and was on his way back, but walked so near the track upon which the train was approaching that it struck him. The train was running at the rate of about 60 miles an hour. The proof tended to show that the bell was not rung nor the whistle sounded; but it was a bright June morning, the tracks were perfectly straight to the west for a distance of about two miles or more, and there was nothing to obscure the view of an approaching train for that distance. The defendant had worked on railroads for five years, and had worked for the defendant railroad at this kind of work for two months prior to his death. He was entirely familiar with the situation. A nonsuit was granted by the trial court, upon the ground that the deceased was

not shown to have been free from contributory negligence. We think this disposition was correct.

There were four tracks at this point, extending east and west, numbered 1, 2, 3, and 4, commencing at the southerly side. The two southerly tracks were for west-bound trains, and the two northerly tracks for east-bound trains. The men were engaged in tamping the northern ends of the ties on track No. 2. The train was on track 3. The deceased was walking between tracks Nos. 2 and 3 when he was struck. It is suggested on behalf of the plaintiff that deceased was required to walk as near track 3 as he did in passing the men. I do not think the proof shows this to be so. The distance between tracks 2 and 3, as shown by the diagram in the case, is eight feet, three inches, and I think the inference is unwarranted that he was crowded near track 3 by the workmen engaged in tamping the ties. But, even if that be true, the conclusion is irresistible that, if the deceased had taken any precautions for his own safety, he would have known that the train was approaching, and that he was in a place of danger. He knew that these fast trains coming from the west used this track. It seems reasonably certain that, if he had looked, he must have seen the approaching train when he picked up the bar, since it is reasonably clear that the train was then within a mile or a mile and a half, or perhaps less than that, from him, for he walked less than 200 feet from that time until he was struck. And besides, when he picked up the bar, it was on the north side of track 3, between tracks 3 and 4. He was required to pass over track 3, and on his way toward the men picked up a piece of iron known as a chair. A mere glance to the side when he was crossing the track or when he was picking up the iron would have enabled him to see the train, and it is not improbable that even as he was walking toward the bar the train was in sight. Beyond all that, his work did not require him to walk on track 3 or so near it as to be struck. It is not intended to suggest that a railroad workman is necessarily doing a careless act in walking near or between the rails of a track, although he may not be working upon that track. Yet, under the circumstances of this case, it seems to us that the deceased was clearly negligent in omitting to take precautions for his own safety, and in doing what he did.

Much is made of the fact that the foreman failed to give the men timely warning of the approach of the train. It seems that at the time he was down on his knees sighting along the track upon which the men were working, and, while we do not say that reasonable care for the safety of the men who were absorbed in their work may not have required that timely warning should be given them, although the train was on the other track, yet it was also the duty of the plaintiff to use reasonable care for his own safety. He was not engaged in work which so absorbed his attention as to prevent him from using his senses for his own protection. He knew, or should have known, that he was in danger in walking where he did. It is contended by counsel for the plaintiff that the case of Rich v. Pennsylvania Railroad Company, 112 App. Div. 818, 98 N. Y. Supp. 678, is authority for his contention that a question of fact is presented as to whether the de-

ceased was free from contributory negligence. We do not so regard
it. In that case it appeared that the men were at work on the track
at a street crossing. A train approached on the track upon which they
were at work, and a workman stepped from that track to another track
to avoid the approaching train, and was struck by a yard engine.
While it appeared there that an engine could ordinarily be seen for
a distance of 1,000 feet from the street crossing where the man was
struck, it also appeared that there were high winds, that it was snow-
ing, and that the engine approached the crossing without giving the
usual warning, by bell or otherwise. That case is quite unlike this
one. But even there it was held that the verdict of the jury was
against the weight of the evidence. While one of the members of
the court dissented, another held that the injured person was guilty
of negligence as a matter of law. We think, under the facts and cir-
cumstances of this case, the deceased was guilty of contributory neg-
ligence as a matter of law.

The exceptions must therefore be overruled, the motion for a new
trial denied, and judgment directed upon the nonsuit for the defend-
ant, with costs. All concur, except McLENNAN, P. J., who dissents.